## IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| TAMMY COZART-MCCLURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| TRACKER MARINE, LLC ) | |
| d/b/a TRACKER MARINE GROUP, ) | |
| *Serve Registered Agent*: ) | |
|    CT Corporation System ) | |
|    120 S. Central Ave. ) | |
|    Clayton, Missouri 63105, ) | |
| ) | |
| Defendant. ) | |

### PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Tammy Cozart-McClure, by and through her attorneys of record, Hall Ansley P.C., and for her cause of action against Tracker Marine, LLC d/b/a Tracker Marine Group, states, alleges and avers to the Court as follows:

### PLAINTIFF

1. Plaintiff Tammy Cozart-McClure (hereinafter "Plaintiff") is a person of lawful age residing in Springfield, Greene County, Missouri.

### DEFENDANT

2. That at all times herein mentioned, defendant Tracker Marine, LLC d/b/a Tracker Marine Group ("Tracker"), was and now is a Missouri company, duly organized and existing under the laws of the State of Missouri, engaged in operating a business manufacturing boats and boating accessories, with its principal place of business in Springfield, Greene County, Missouri, and upon information and belief, was, at all times mentioned herein, acting by and through its duly authorized agents and servants and employees, identified herein. Defendant Tracker can be

served through its registered agent, CT Corporation System, 120 S. Central Ave., Clayton, Missouri 63105.

## VENUE AND JURISDICTION

3. Venue and jurisdiction are proper in this Court in that plaintiff's complaint alleges violation of the Family and Medical Leave Act ("FMLA"), 29 U.S. C.A. § 2601, et. seq., and all acts and occurrences complained of herein incurred within Christian County, Missouri.

## FACTUAL ALLEGATIONS

4. Plaintiff was hired as a painter by the Defendant in approximately August 2014. Plaintiff worked for Defendant full time from approximately August 2014 until the time of her termination from Defendant.

5. In May and July 2017, Plaintiff suffered from gastritis/epigastric pain with associated with nausea, vomiting, and blood in her vomit and stool. Plaintiff provided the Defendant with medical documentation regarding her need for time off due to this serious health condition.

6. Plaintiff provided a Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) related to her need for leave (signed by her healthcare provider) on or about May 25, 2017. This certification indicated that Plaintiff was incapacitated for a continuous period from May 18, 2017 until May 30, 2017. Pursuant to the certification, Plaintiff was prescribed medication that was not over-the-counter.

7. Plaintiff experienced more complications related to the same condition and was absent from work June 28th and 29th (2017) and the first week in July 2017.

8. Plaintiff provided a second Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) related to her need for leave (signed

by her healthcare provider) on or about July 11, 2017. The certification indicated that Plaintiff was incapacitated on June 28 – 29, 2017 and that Plaintiff would be permitted to return to work without restrictions on July 11, 2017. Pursuant to the certification, Plaintiff was prescribed medication that was not over-the-counter.

9. Plaintiff's two requests for FMLA leave were approved by Defendant.

10. Defendant maintained a point system whereby employees would accumulate points prior to disciplinary action or termination. Pursuant to the point system, an employee was permitted to accumulate six (6) points prior to receiving a suspension and seven (7) points prior to a termination.

11. Plaintiff was terminated for alleged attendance issues on or about July 18, 2017. According to Defendant, Plaintiff had accumulated 7 ½ points as of said date.

12. Defendant utilized Plaintiff's absences on dates for which Plaintiff had approved FMLA leave in calculating her points and in terminating her employment for alleged attendance violations. In particular, Plaintiff believes Defendant counted dates in May (mentioned above) and the June/July dates (mentioned above) in determining she had reached the number of points necessary to terminate her employment.

## COUNT I
## FMLA INTERFERENCE

**COMES NOW** Plaintiff, Tammy Cozart-McClure, by and through her attorneys of record, Hall Ansley, P.C., and for Count I of her cause of action against Defendant states, alleges and avers to the Court as follows:

13. Plaintiff restates, realleges and reincorporates herein all preceding paragraphs of this Petition as though they were fully set-forth herein *in haec verba*.

14. Plaintiff was an eligible employee for leave under the FMLA.

15. Plaintiff's was denied an opportunity to take leave consistent with the FMLA in that her FMLA protected absences were used in terminating her employment.

16. Defendant's conduct rises to a willful violation of the FMLA.

17. Defendant interfered, restrained, and denied Plaintiff her rights pursuant to the FMLA., more specifically, interfering with her right to utilize FMLA qualified leave and terminating her as a result of her use of said leave.

18. As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has suffered and/or is entitled to the following:

    (a)    Lost wages, salary and benefits or other compensation;

    (b)    Interest at the prevailing rate on any wages, salary, employment benefits and/or other compensation denied or lost by Plaintiff as a reason due to Defendant's violation of the FMLA; and

    (c)    Liquidated damages equal to the sum of:

        (i)    The amount of lost wages, salary, employment benefits or other compensation; and

        (ii)    Interest awarded on said monetary damages.

19. Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to her lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary

damages; for reinstatement to her prior position; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

## COUNT II
## FMLA RETALIATION

**COMES NOW** Plaintiff, Tammy Cozart-McClure, by and through her attorneys of record, Hall Ansley, P.C., and for Count II of her cause of action against Defendant states, alleges and avers to the Court as follows:

20. Plaintiff restates, realleges and reincorporates herein all preceding paragraphs of this Petition as though they were fully set-forth herein *in haec verba*.

21. Plaintiff was an eligible employee for leave under the FMLA.

22. Plaintiff submitted FMLA documentation and sought to use her FMLA qualified leave.

23. Plaintiff was terminated after submitting the FMLA documentation and after attempting to utilize her FMLA protected leave.

24. Defendant retaliated against Plaintiff for exercise of her rights provided by the FMLA.

25. As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has suffered and/or is entitled to the following:

    (a) Lost wages, salary and benefits or other compensation;

    (b) Interest at the prevailing rate on any wages, salary, employment benefits and/or other compensation denied or lost by Plaintiff as a reason due to Defendant's violation of the FMLA; and

    (c) Liquidated damages equal to the sum of:

Electronically Filed - Christian - January 15, 2018 - 11:58 AM

    (i)  The amount of lost wages, salary, employment benefits or other compensation; and

    (ii)  Interest awarded on said monetary damages.

26. Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to her lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; for reinstatement to her prior position; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

        HALL ANSLEY,
        A Professional Corporation

      By: */s/ Benjamin A. Stringer*
        BENJAMIN A. STRINGER
        Missouri Bar Number 50415
        TIMOTHY A. RICKER
        Missouri Bar Number 62050

        3275 East Ridgeview
        Springfield, MO 65808
        Telephone: 417/890-8700
        Facsimile: 417/890-8855
        Email: bstringer@hallansley.com
        Email: tricker@hallansley.com

        *Attorneys for Plaintiff*

Exhibit A



# IN THE 38TH JUDICIAL CIRCUIT COURT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER R GROWCOCK | Case Number: 18CT-CC00011 |
|---|---|
| Plaintiff/Petitioner:<br>TAMMY COZART-MCCLURE | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A. STRINGER<br>3275 EAST RIDGEVIEW<br>PO BOX 4609<br>SPRINGFIELD, MO 65808 |
| vs. | |
| Defendant/Respondent:<br>TRACKER MARINE, LLC D/B/A TRACKER MARINE GROUP | Court Address:<br>110 WEST ELM STREET, SUITE 202<br>OZARK, MO 65721 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** TRACKER MARINE, LLC D/B/A TRACKER MARINE GROUP
Alias:
**CT CORPORATION SYSTEM**
**120 S. CENTRAL AVE.**
**CLAYTON, MO 63105**

*COURT SEAL OF*

*CHRISTIAN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____1-16-18_____     _____/S/ BH_____
Date                                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                           Date                              Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $_____10.00_____
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**              $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-15**    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:18-cv-03055-BP   Document 1-1   Filed 02/21/18   Page 7 of 8

Return  SB2-15



# IN THE 38TH JUDICIAL CIRCUIT COURT, CHRISTIAN COUNTY, MISSOURI

| Judge or Division: <br> JENNIFER R GROWCOCK | Case Number: 18CT-CC00011 |
|---|---|
| Plaintiff/Petitioner: <br> TAMMY COZART-MCCLURE | Plaintiff's/Petitioner's Attorney/Address <br> BENJAMIN A. STRINGER <br> 3275 EAST RIDGEVIEW <br> PO BOX 4609 <br> SPRINGFIELD, MO 65808 |
| vs. | |
| Defendant/Respondent: <br> TRACKER MARINE, LLC D/B/A TRACKER MARINE GROUP | Court Address: <br> 110 WEST ELM STREET, SUITE 202 <br> OZARK, MO 65721 |
| Nature of Suit: <br> CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: TRACKER MARINE, LLC D/B/A TRACKER MARINE GROUP
Alias:

CT CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO 63105

30 CTCOR    JAN 26 2018

**COURT SEAL OF CHRISTIAN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____1-16-18_____   _____/S/ BH_____
        Date                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_LCW- A. BRANDON_ (name) _INTAKE INSPECIALIST_ (title).
☐ other
Served at _CTCOKP_ (address)
in _ST. LOUIS_ (County/City of St. Louis), MO, on _1/31/18_ (date) at _9:00AM_ (time).
_Roufell Huey_ _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

RECEIVED 2018 JAN 31 PM 2:58 ST. LOUIS COUNTY SHERIFF'S OFFICE

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
                            Date         Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $__10.00__
Mileage          $_____ (_____ miles @ $._____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-675    1-29-18

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 18-SMCC-15    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo